IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DARRELL WAYNE HUGHES | § | |
| v. | § | CIVIL ACTION NO. 6:13cv208 |
| STATE OF TEXAS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Darrell Hughes, an inmate currently confined in the State of Indiana proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hughes named as Defendants the State of Texas, the former Sheriff of Cherokee County, former Cherokee County District Attorney Charles Holcomb, former Cherokee County District Judge Morris Hassell, defense attorney James Phoenix, and Texas Attorney General Gregg Abbott. Except for Abbott, the officials whom Hughes names are those who were in office in 1983, the year that his complaint arose.

After general complaints that he has been denied the right to petition the government for redress of grievances through "extrinsic fraud and fraud by the Court," and that the States of Texas and Indiana are conspiring against him by organizing a crime against him and denying him access to legal materials, Hughes contends that the Sheriff, the prosecutor, the judge, and his defense counsel fabricated criminal charges against him in April of 1983. He complains that the district judge issued orders for a warrant and "extradictment" without probable cause and held a "fraudulent

bench trial. Hughes further says that the prosecutor engaged in selective and vindictive prosecution and concealed discovery and that his attorney provided ineffective representation.

After review of the pleading, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge determined that Hughes could not challenge the validity of his conviction in a civil rights lawsuit under Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1992) and that Hughes' defense attorney was not a state actor and thus not subject to suit under Section 1983. The Magistrate Judge further determined that the district judge and prosecutor are entitled to absolute immunity and that to the extent that Hughes' claims concerning his allegedly unlawful arrest and false imprisonment were not barred by Heck, these claims are barred by the statute of limitations.

Hughes filed objections to the Magistrate Judge's Report on April 22, 2013. These objections assert that the Magistrate Judge has conspired with state and federal officials to conceal an "organized act" against him, indicating he believes this to be a violation of the Racketeer Influenced and Corrupt Organizations Act. He states that the Magistrate Judge, along with her co-conspirators, has committed mail fraud in violation of 18 U.S.C. §1341 and that he, Hughes, is seeking relief under 42 U.S.C. §1983. Hughes says that state and federal officials have a "duty to investigate without an adverse initial party which there are no limitations" and appears to assert that Phoenix is a state actor by virtue of participating in a conspiracy and that he, Hughes, was prevented from filing his case within the statute of limitations.

Hughes' objections make no mention of the Magistrate Judge's conclusions that his lawsuit is barred by Heck or that the district judge and prosecutor are shielded by absolute immunity from suit. Because Hughes did not object to these particular proposed findings, he is barred from *de novo* review by the district judge of these findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 14) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's claims against the district judge, the district attorney, and defense counsel are hereby DISMISSED with prejudice as frivolous. It is further

ORDERED that any and all remaining claims in the lawsuit are hereby DISMISSED with prejudice as frivolous to the extent that such claims are barred by the statute of limitations. Any claims which are not barred by limitations and which imply the invalidity of the Plaintiff's conviction are hereby DISMISSED with prejudice to their being asserted again until the Heck conditions have been met. This order covers all of the Plaintiff's claims in his lawsuit, which lawsuit is hereby DISMISSED in its entirety. This order shall count as a strike for purposes of 28 U.S.C. §1915(g). It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED. Finally, it is

ORDERED that the Clerk shall send a copy of this order to the Administrator of the Strikes List for the Eastern District of Texas.

**It is SO ORDERED.**

**SIGNED this 25th day of April, 2013.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE